6 F.3d 829
 303 U.S.App.D.C. 370
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America, Appellee
v.
Kilmer F. WARREN, Appellant
 No. 91-3210.
 United States Court of Appeals, District of Columbia Circuit.
 Sept. 27, 1993.
 
 Before: MIKVA, Chief Judge, WALD and SILBERMAN, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on appeal from the United States District Court for the District of Columbia and on the briefs filed by the parties and arguments by counsel. The arguments have been accorded full consideration by the court and occasion no need for a published opinion. See D.C.Cir. Rule 14(c). For the reasons stated in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED, by the Court, that the District Court's ruling is affirmed.
 
 
 3
 The Clerk is directed to withold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir. Rule 15.
 
 MEMORANDUM
 
 4
 Appellant challenges the District Court's ruling that the two-year delay between his arrest and trial on federal drug charges did not violate his Sixth Amendment right to a speedy trial. Appellant also argues that his conviction for "using or carrying a firearm ... during or in relation to a drug trafficking offence" under 18 U.S.C. Sec. 924(c) is not supported by the evidence. Finally, appellant asserts for the first time on appeal that the district court erred in denying him a two-level sentence reduction for "acceptance of responsibility" under the Federal Sentencing Guidelines. For the reasons stated below, we reject these arguments and affirm the ruling of the district court.
 
 
 5
 1. The Sixth Amendment Claim.
 
 
 6
 Appellant admits to selling $300 worth of cocaine to an undercover police officer from his home at 1809 North Capitol Street, N.E., Washington D.C. on February 24, 1989. Pursuant to an outstanding fugitive warrant from California, police arrested Mr. Warren later that day at his home and obtained a search warrant for the premises. On May 9, 1989, a D.C. Superior Court grand jury returned an eight-count indictment based on the transaction and search. On September 14, 1989, the government moved to dismiss the Superior Court indictment and, according to appellant's own testimony, informed the appellant of the probability that federal charges would be brought against him. Indeed, on September 12, 1989, a federal grand jury returned a five count indictment with respect to the same conduct, and on September 15, 1989, written notice to appear at a September 22, 1989 arraignment was mailed to appellant.
 
 
 7
 Mr. Warren claims not to have known about this new indictment and the notice of arraignment because on or about September 16, 1989, he relocated from his D.C. residence to Clinton, Maryland. On September 21, appellant moved again to Houston, Texas. When Mr. Warren failed to appear for his September 22 arraignment, a bench warrant was issued for his arrest. Appellant was arrested in Texas over a year later, in October, 1990, and was presented before the District Court on November 14, 1990. Appellant filed pretrial motions on December 21, 1990. Those motions were denied, and a jury sworn, on March 4, 1991. In all, two years and eight days elapsed between appellant's arrest and the beginning of his trial.
 
 
 8
 Based on these facts, the district court found that Mr. Warren had constructive, if not actual, notice of the federal indictment against him yet remained outside the jurisdiction. Accordingly, it assigned blame for the bulk of the delay between arrest and trial to Mr. Warren and, applying the test set out in Barker v. Wingo, 407 U.S. 514 (1972), found no Sixth Amendment violation. This finding and the court's conclusion of no violation based upon circuit precedent are not clearly erroneous. The government's oral and written communication to Mr. Warren regarding the indictment as well as Mr. Warren's hasty departure from the District support a finding that he knew, or should have known, about the indictment and therefore was to blame for most of the delay. As a result, we affirm the district court's ruling.
 
 
 9
 2. The 924(c) Conviction.
 
 
 10
 On February 24, 1989, uniformed police arrested Mr. Warren at his home. After obtaining Mr. Warren's consent to search the premises, as well a valid search warrant, police recovered approximately 80 grams of cocaine, $3,931, and other drug paraphernalia from under a loosened floorboard in the attic. They also found two loaded weapons (.22 and .32-caliber revolvers), approximately 100 rounds of spare ammunition, a scale, and other drug-related items in Mr. Warren's second-floor bedroom. The guns were concealed under the bed pillows and sheets.
 
 
 11
 Appellant testified at trial that when the undercover officer arrived at his house and requested cocaine, he retrieved 3 1/2 grams from a safe in his second floor bedroom. When he observed uniformed officers outside his home later that day, however, he removed the cocaine and other drug paraphernalia from the safe and placed them in the attic. As for the weapons, Mr. Warren testified that "earlier that evening" he had removed the guns from a shoebox in a closet (he didn't specify where the closet was located) and placed them "up under the sheets and under the pillow of my bed." 3/6/91 Trial Transcript at 104-05. Appellant claimed at trial that the guns belonged to his live-in girlfriend, who had been out of town for approximately six-weeks prior to the arrest. He also claimed that he had removed the bullets from the guns upon transferring them to his bedroom, but the police testified that the guns were loaded.
 
 
 12
 Appellant was convicted of one count of "using or carrying a firearm during and in relation to a drug trafficking offense." 18 U.S.C. Sec. 924(c). He now asserts that the evidence in the record is insufficient to support that conviction. We disagree. Mr. Warren's 924(c) conviction is well within circuit precedent. Based on the facts above, a jury could reasonably conclude that Mr. Warren used the guns to protect an ongoing drug distribution operation: There were multiple guns; the guns were kept in close proximity to the drugs; the guns were easily accessible; they were loaded; there was spare ammunition; and Mr. Warren testified to handling the guns on the day of his arrest. Taken together, these factors support a 924(c) conviction.
 
 
 13
 3. The "Acceptance of Responsibility" Reduction.
 
 
 14
 Before sentencing, appellant filed a memorandum seeking downward adjustment of the sentencing range prescribed by the Guidelines. Mr. Warren's main argument was that the transfer of his case from Superior to federal court warranted imposition of a sentence that could have been available to a Superior Court judge. The memorandum did not request a reduction on "acceptance of responsibility" grounds.
 
 
 15
 This court has squarely held that "a request for an adjustment under the Guidelines is waived if the argument is not raised at sentencing." United States v. Foster, No. 92-3092, slip op. at 6 (D.C.Cir. Mar. 26, 1993). For that reason, we reject the argument that the district court plainly erred in not granting an adjustment on "acceptance of responsibility" grounds.